IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DINLI METAL INDUSTRIAL COMPANY, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-06CV0787-R ECF |
| GALT PORTER, WILLIAM "BILL" PEIRCE, COBRA SCOOTERS, LLC D/B/A COBRA POWER SPORTS AND DINLI USA LLC, AND LEE BURNETT, | § § § § § § | |
| Defendants. | § § § | |

## COMPLAINT IN INTERVENTION OF CYCLE SPORT, L.L.C. D/B/A CYCLE SHOP

COMES NOW Cycle Sport, L.L.C. d/b/a Cycle Shop and files this its Complaint in Intervention, complaining of Plaintiff, Dinli Metal Industrial Company, Ltd. ("Dinli Metal"), and Defendants, Galt Porter, William "Bill" Peirce, Cobra Scooters, LLC d/b/a Cobra Power Sports and Dinli USA LLC ("Dinli U.S.A."), and Lee Burnett, and Third-Party Defendant, Dinli, L.P., and for cause of action would show the following:

## I.

## THE PARTIES

1.     Intervenor Cycle Sport, L.L.C. d/b/a Cycle Shop, is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in Louisiana.

COMPLAINT IN INTERVENTION - Page 1

2.      Plaintiff, Dinli Metal Industrial Company, Ltd., is a company formed under the laws of the National Republic of China, with its principal place of business in Taichung, Taiwan. Plaintiff has appeared in this action and further service of process is not necessary at this time.

3.      Defendant Galt Porter is a citizen and resident of the State of Georgia.  This Defendant has appeared and answered and further service is not necessary.

4.      Defendant William "Bill" Peirce is a citizen and resident of the State of Georgia. Defendant Peirce has appeared in this action and further service of process is not necessary at this time.

5.      Defendant Cobra Scooters, LLC d/b/a Cobra Power Sports is a Delaware corporation with its principal place of business in Kennesaw, Georgia.  Defendant Cobra Scooters has appeared in this action and further service of process is not necessary at this time.

6.      Defendant Dinli U.S.A., L.L.C., is a Delaware limited company with its principal place of business in Acworth, Georgia 30101.  Defendant, Dinli, U.S.A., has appeared in this action and further service of process is not necessary at this time.

7.      Defendant Lee Burnett is a citizen and resident of the State of Alabama.  Defendant Burnett has appeared in this action and further service of process is not necessary at this time.

8.      Third-party Defendant Dinli, L.P., is a limited partnership formed under the laws of the State of Texas.  Dinli, L.P. is a subsidiary or controlled by Dinli Metal.  Dinli, L.P., may be served by serving its registered agent, Chen-Nan Ku at 1875 Walnut Hill Lane, Suite 120, Irving, Texas 75038.

## II.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over the existing parties and matter pursuant to 28 U.S.C.

§§ 1331 and 1332, 15 U.S.C. §§ 4, 5, 9, 10 and 15, and venue is proper in this district pursuant to

28 U.S.C. § 1391 and 15 U.S.C. § 15 and Rule 24, Fed.R.Civ.P.

10.     The Court has jurisdiction over this intervention pursuant to 28 U.S.C. § 1332.

Venue is in this district and division pursuant to 28 U.S.C. § 1391 for the reason that all or a

substantial part of the events and omissions giving rise to Cycle Sport's complains occurred in

Dallas, Texas.  Moreover, Defendant Dinli L.P. is a corporation domiciled in Dallas, Texas.

## III.

## STATEMENT OF FACTS

11.     Cycle Sport, L.L.C. d/b/a Cycle Shop was a duly authorized dealer of Dinli all terrain

vehicles ("ATVs") by Dinli, L.P.  Its distributorship agreement was terminated by Dinli, L.P.  This

led to Cycle Sport instituting an action in federal court in New Orleans against Dinli, L.P.  The

action was referred to arbitration on the Motion of Dinli, L.P.

12.     While prehearing discovery was occurring and motions were being filed and decided

in the arbitration proceeding with Cycle Sport, Dinli Metal and Dinli, L.P., acting through the

President of Dinli Metal, Tai-Tang Lu ("Lu") began working with the other defendants on a scheme

to transfer Dinli, L.P.'s business and certain of Dinli, L.P.'s assets to the Defendants.  As part of that

transaction, Dinli, L.P.'s remaining assets (ATVs and cash) were to be transferred to Dinli Metal.

However, Lu, who had dominated and controlled Dinli Metal, was to continue to dominate and

control the new entity being formed with Dinli, L.P.'s assets, Dinli U.S.A.

COMPLAINT IN INTERVENTION - Page 3

13.     Dinli, L.P., through its counsel, advised Cycle Sport it was going to cease business and dispose of its asset and that Cycle Sport should drop its arbitration proceeding as Dinli, L.P., would have no assets to pay an arbitration award.  Cycle Sport refused to do so.

14.     Cycle sport obtained an arbitration ward in the amount of $189,403.73 which was confirmed and thus made a judgment of the United States District Court for the Eastern District of Louisiana.  A true and correct copy of that judgment is attached as Exhibit 1.

15.     None of the judgment has been paid.

16.     Plaintiff and Defendants Dinli U.S.A., Porter, Peirce and Burnett entered into agreements pursuant to which Plaintiff sold its U.S. distribution operation, consisting of the assets, business and goodwill of Dinli, L.P. to Dinli U.S.A.  Plaintiff also entered into a distribution agreement with Dinli U.S.A. for Plaintiff's ATVs.

17.     The agreements referred to in the foregoing paragraph were signed and Dinli, L.P.'s inventory was sent to Dinli U.S.A. and Dinli, L.P.'s cash was sent to Plaintiff.

18.     Dinli, L.P. has no assets to satisfy Cycle Sport's judgment against it.

19.     Cycle Sport has a direct pecuniary and financial interest in the very assets, cash and transactions which are the subject of this lawsuit.

## COUNT ONE

### FRAUDULENT TRANSFER

20.     Cycle Sport now brings this action against Plaintiff and Defendants under the Uniform Fraudulent Transfer Act, Chapter 24, Tex. Bus. and Commerce Code.

21.     Plaintiff, directly, or through its control of the general partner of Dinli, L.P., is both an affiliate and an insider with respect to Dinli, L.P.

22.     In about October 2005, Dinli, L.P., transferred cash and certain other assets, including inventory, owned by Dinli, L.P., to Plaintiff.

23.     Dinli, L.P., transferred the property described above with the intent to delay, hinder and defraud Cycle Sport in that Dinli, L.P. and Plaintiff transferred the described property with the intent of preventing Dinli, L.P.'s creditors, including Cycle Sport, from obtaining collection of the arbitration award and judgment subsequently awarded Cycle Sport.

24.     Plaintiff participated in this transfer with full knowledge of the claims being asserted by Cycle Sport against Dinli, L.P., and the likelihood that Cycle Sport would obtain a judgment against Dinli, L.P. and did so for the purpose of benefitting Plaintiff to the detriment of Cycle Sport. As set forth above, Plaintiff is an insider as a consequence of its control of Dinli, L.P. and qualifies as an insider for the purposes of the Uniform Fraudulent Transfer Act.

25.     The transfer of property to Plaintiff violated the Uniform Fraudulent Transfer Act in that at the time of the transfer, Plaintiff had reasonable cause to believe the Dinli, L.P., was insolvent, especially when considering the value of the Cycle Sport claim, and had an intimate knowledge of the business affairs of Dinli, L.P., and knew that Dinli, L.P., planned on advising Cycle Sport that it should drop its arbitration claim as it would have no assets to satisfy that claim.

26.     At the time of the agreements and transfer of assets, business and goodwill of Dinli, L.P., to Dinli, U.S.A., the Defendants each had knowledge of Dinli, L.P.'s precarious financial position and that the transactions with the Plaintiff would leave Dinli, L.P., with no assets to satisfy its creditors, including Cycle Sport. Nevertheless, with full knowledge, of Dinli, L.P.'s financial condition, Defendants accepted the transfer of all of the business and goodwill of Dinli, L.P. and all or substantially all of the inventory assets of Dinli, L.P.

27.     Immediately following the transfer of the Dinli, L.P. assets to Dinli, U.S.A., Dinli, U.S.A., proceeded to carry on the business of Dinli, L.P. in exactly the same format as Dinli, L.P., had done, including utilizing Dinli, L.P.'s facilities and utilizing an internet web page virtually identical to that of Dinli, L.P.

28.     But for the transactions described above, the business, goodwill and inventory of Dinli, L.P., would have been available to satisfy Cycle Sport's claim and judgment.

29.     Cycle Sport therefore brings this action against Plaintiff and Defendants for the following:

(a)     damages in the amount of the value of all assets transferred from Dinli, L.P. to Plaintiff or from Dinli, U.S.A. to Plaintiff;

(b)     damages for the value of all assets, including the business, good will and inventory, transferred from Dinli, L.P., to Dinli, U.S.A.;

(c)     imposition of a constructive trust on all assets transferred from Dinli, L.P., to either Plaintiff or to Defendants.

30.     Cycle Sport further seeks an award of all costs and reasonable attorney's fees incurred in this action pursuant to the provisions of § 24.013 of the Texas Uniform Fraudulent Transfer Act.

## COUNT TWO

### FOR UNJUST ENRICHMENT

31.     Cycle Sport realleges the foregoing paragraphs 19 through 30 as if set forth fully.

32.     Cycle Sport further brings this action against Plaintiff and against Defendant Dinli, U.S.A., for imposition of a constructive trust on all property transferred to them as a result of the transactions described above.

33.     Cycle Sport would show that the acquisition of the assets of Dinli, L.P., by Plaintiff and Defendant Dinli, U.S.A., has unjustly enriched by the Plaintiff and Dinli, U.S.A., to the detriment of Cycle Sport.

34.     Cycle Sport therefore brings this action to recover its damages from the Plaintiff and from the Defendant Dinli, U.S.A., to the extent each unjustly benefitted to the detriment of Cycle Sport from the above-described transactions.

**COUNT THREE**

**<u>CIVIL CONSPIRACY</u>**

35.     Cycle Sport incorporates the above and foregoing paragraph 19 through 34.

36.     Cycle Sport would show that the Plaintiffs and the Defendants, together with persons known and unknown, including Lu and Chen-Nan Ku, the president of the general partner of Dinli, L.P., entered into a civil conspiracy to strip all of the assets from Dinli, L.P., in violation of the Texas Uniform Fraudulent Transfer Act to unjustly enrich themselves at the cost and expense of Cycle Sport.

37.     Plaintiff, Defendants and their co-conspirators took numerous affirmative steps in furtherance of the conspiracy as described above.

38.     Plaintiff and Defendants are therefore liable, jointly and severally, to Cycle Sport for all damages Cycle Sport has sustained as a consequence of such civil conspiracy.

39.     In addition to being liable to Cycle Sport for its actual damages, Plaintiff and Defendants are further liable for exemplary and for punitive damages in an amount to be determined by the trier of fact for their wrongful conspiratorial conduct.

WHEREFORE, PREMISES CONSIDERED, Intervenor Cycle Sport respectfully requests that the Plaintiff and Defendants be cited and required to appear and answer this Complaint in Intervention and that upon a final trial hereof, Intervenor Cycle Sport be awarded its damages as hereinabove described, which are in an amount in excess of the minimum jurisdictional limits of the Court, together with its reasonable costs and attorney's fees and exemplary or punitive damages, together with the imposition of a constructive trust on all assets received by the Plaintiff and by the Defendants from Dinli, L.P., together with such other relief, at law or in equity, to which Cycle Sport may show itself to be justly entitled.

Respectfully submitted,

J. Albert Kroemer
TBN 11728400
James T. Phillips
TBN 00794455
CANTEY HANGER, LLP
1999 Bryan Street, Suite 3330
Dallas, Texas  75201
(214) 978-4100
(214) 978-4150 Telecopier
e-mail: akroemer@canteyhanger.com

Regel L. Bisso, Esq.
Conroy Law Firm
Three Lakeway Center
3838 N. Causeway Boulevard, Suite 3130
Metairie, Louisiana 70002
(504) 830-3401
(504) 830-4535 Telecopier

ATTORNEYS FOR CYCLE SPORT, LLC d/b/a CYCLE SHOP

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served by facsimile on all counsel of record and to Dinli Metal Industrial Company, Ltd., at its last reported address on this 19th day of December, 2006.

James T. Phillips