IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYCLE SPORT, L.L.C. D/B/A CYCLE SHOP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-00253-O |
| DINLI METAL INDUSTRIAL COMPANY, LTD., GALT PORTER, WILLIAM "BILL" PEIRCE, COBRA SCOOTERS, L.L.C. D/B/A COBRA POWER SPORTS, DINLI USA L.L.C., LEE BURNETT, AND DINLI, L.P., | § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Application for Entry of Default Judgment (Doc. #11) filed August 15, 2007. The Court will treat the Application for Entry of Default Judgment as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and will now address the merits of the motion.

**I. BACKGROUND**

Plaintiff Cycle Sport L.L.C. ("Cycle Sport") initiated this action by filing a motion for leave to file a complaint in intervention in a prior action, styled *Dinli Metal Industrial Company Ltd. v. Galt Porter, William "Bill" Pierce, Cobra Scooters L.L.C d/b/a Cobra Power Sports, Dinli U.S.A. L.L.C. and Lee Burnet,* 3:06-CV-0787-R (N.D. Tex. May 2, 2006). Cycle Sport sought leave to intervene under Rule 24(a) of the Federal Rules of Civil Procedure contending that (1) its motion was timely; (2) it had an interest in the assets obtained by parties to the suit; (3) it was situated such

1

that disposition of the suit without intervention would impair its interests; and (4) that the existing parties would not represent its interests. *See* Doc. No. 66 (3:06-CV-0787-R) (N.D. Tex. Dec. 19, 2006) (Br. in Support at p. 3). On February 6, 2007, Magistrate Judge Kaplan entered an order granting Cycle Sport's motion for leave to intervene. Doc. No. 75 (3:06-CV-0787-R) (N.D. Tex. Feb. 6, 2007). The Court further ordered that the claims raised in Cycle Sport's complaint in intervention should be severed into a new cause of action styled *Cycle Sport L.L.C. d/b/a Cycle Shop v. Dinli Metal Industrial Company Ltd., Galt Porter, William "Bill" Peirce, Cobra Scooters, LLC d/b/a Cobra Power Sports, Dinli U.S.A., L.L.C. Lee Burnett, and Dinli, L.P.*, Civil Action No. 3:07-CV-0253. *Id.* Additionally, the Court ordered that responsive pleadings in this new case should be filed within 20 days from the date of the order. *See id.*

In its Complaint in Intervention, Cycle Sport alleges it was a dealer of Dinli all terrain vehicles ("ATVs") through an agreement with Dinli L.P. (Compl. at ¶ 11). Dinli Metal Industrial Company, Ltd. ("Dinli Metal") manufactured the ATVs in Taiwan and distributed in the United States through Dinli L.P. When Dinli L.P. unilaterally terminated their agreement, Cycle Sport filed suit in the United States District Court for the Eastern District of Louisiana. (*See id.*, Ex. 1). The district court stayed the action and referred the parties to arbitration on April 30, 2004. (Compl. at Ex. 1).

Cycle Sport alleges that while the arbitration proceeding was pending, Dinli L.P. negotiated agreements with Dinli Metal and Dinli U.S.A., L.L.C. ("Dinli U.S.A.") to transfer all its parts inventory to Dinli U.S.A. and all its cash and other financial assets to Dinli Metal. (Compl. at ¶ 12). As a result of these transactions, Dinli L.P. ceased to exist. (Compl. at ¶ 13).

On April 24, 2006, the arbitration panel entered an award in the amount of $189,403.73

against Dinli L.P. and in favor of Cycle Sport. (Compl. at ¶ 14). Subsequently, the United States District Court for the Eastern District of Louisiana entered an order confirming the arbitration award. (*Id.*; Ex. 1). Dinli L.P. did not satisfy the indebtedness. Because a suit between Dinli Metal and Dinli U.S.A. as well as other defendants was pending in this Court, Cycle Sport filed a motion for leave to intervene.

Cycle Sport alleged a claim under the Uniform Fraudulent Transfer Act, Ch. 24 of the Texas Business and Commerce Code, and a claim of civil conspiracy against Dinli Metal, Galt Porter, William "Bill" Peirce, Cobra Scooters, Dinli U.S.A, Lee Burnett, and Dinli L.P. (Compl. at ¶¶ 20-30, 35-39). Cycle Sport also alleged a claim of unjust enrichment against Dinli Metal and Dinli U.S.A. (Compl. at ¶¶ 31-34). Cycle Sport seeks the following damages for its fraudulent transfer claim:

> (a) damages in the amount of the value of all assets transferred from Dinli, L.P. to [Dinli Metal] or from Dinli U.S.A. to [Dinli Metal];
> (b) damages for the value of all assets, including the business, good will and inventory, transferred from Dinli L.P., to Dinli U.S.A.;
> (c) imposition of a constructive trust on all assets transferred from Dinli, L.P. to either [Dinli Metal] or to Defendants.

(Compl. at ¶ 29(a), (b), (c)). Cycle Sport also seeks an award of all costs and reasonable attorney's fees under § 24.013 of the Texas Business and Commerce Code. (Compl. at ¶ 30). With regard to its unjust enrichment claim, Cycle Sport pleads for imposition of a constructive trust on all property transferred from Dinli L.P. to Dinli Metal and Dinli U.S.A. (Compl. at ¶ 32). Finally, with regard to the civil conspiracy claim, Cycle Sport seeks actual damages and exemplary damages. (Compl. at ¶ 39).

Defendants Bill Peirce, Cobra Scooters L.L.C., Lee Burnett, and Dinli U.S.A., and Galt Porter filed their Answer to the Complaint in Intervention on February 26, 2007. *See* Doc. No. 4

(3:07-CV-00253-O) (N.D. Tex. Feb. 26, 2007). To date, Dinli Metal and Dinli L.P. have not filed an answer or other responsive pleading. On July 11, 2007, Cycle Sport filed a motion to dismiss Bill Peirce, Cobra Scooters L.L.C., Lee Burnett, and Dinli U.S.A., and Galt Porter. *See* Doc. No. 9 (3:07-CV-00253-O) (N.D. Tex. Jul. 11, 2007). The Court entered an order granting the motion, and dismissing these defendants. *See* Doc. No. 10 (3:07-CV-00253-O) (N.D. Tex. Jul. 12, 2007). On January 22, 2008, Cycle Sport moved to dismiss its claims against Dinli L.P., and also requested that the Clerk of the Court enter a default against Dinli Metal. *See* Doc. Nos. 15, 16 (3:07-CV-00253-O) (N.D. Tex. Jan. 22, 2008). After reviewing the record, the Clerk entered a default against Dinli Metal. Doc. No. 17 (3:07-CV-00253-O) (N.D. Tex. Jan. 24, 2008). On April 10, 2008, the Court entered an order granting the motion to dismiss Dinli L.P. *See* Doc. No. 19 (3:07-CV-00253-O) (N.D. Tex. Apr. 11, 2008). Thus, only Cycle Sport's claims against Dinli Metal remain pending before this Court.

The Court now considers Cycle Sport's request "that the Court enter a Default Judgment awarding [Cycle Sport] the undisputed amount of the Arbitration Award confirmed by the Order of the United States District Court for the Eastern District of Louisiana on July 13, 2006, in the amount of $189,403.23, together with post-judgment interest thereon as provided by law, together with the attorneys' fees which have been incurred by [Cycle Sport] in pursuing enforcement of its arbitration award by this action in the amount of $24,435.90." (Mot.[1] at 1).

---

[1] While Cycle Sport titles its pleading "Application for Entry of Default Judgment," the Court construes it as a motion and will refer to it as such.

## II. DISCUSSION

As previously, discussed Defendant Dinli Metal did not answer nor otherwise file a responsive pleading to Cycle Sport's complaint in intervention. The Clerk of the Court has entered a default, and Cycle Sport now seeks a default judgment.

### A. <u>Legal Standard</u>

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, the Clerk of the Court must enter a default when the default is established by affidavit or otherwise. FED. R. CIV. P. 55 (a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the Clerk or the Court for a default judgment. FED. R. CIV. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

Here, Cycle Sport moves the Court for a default judgment. Before determining whether a default judgment should be entered, a district court must determine whether entry of default was warranted. FED. R. CIV. P. 55(a); *see also U.S. v. 1998 Freightliner Vin #1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (noting that propriety of entry of a default judgment depends, in part, on propriety of entry of default). Thus, the Court will first review whether Dinli Metal is in default, and then proceed to decide whether default judgment should be entered, and the appropriate relief.

### B. Entry of Default

To establish a defendant's default, plaintiff must show by affidavit or otherwise that the defendant was properly served and failed to file an answer or other responsive pleading as permitted by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a). The propriety of the entry of default is thus dependent on the propriety of service. Here, Cycle Sport served Dinli Metal with its complaint in intervention by mailing copies to its last known address pursuant to Rule 5(b)(2)(C) and Rule 24(c). (Mot. at Ex. 1).

Under Rule 24, a motion to intervene and a copy of the complaint in intervention "must be served on the parties as provided in Rule 5." FED. R. CIV. P. 24(c). Under Rule 5(b)(2)(C) service may be effected by "mailing [the pleading] to the person's last known address – in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). Read in conjunction, Rule 24(c) and Rule 5(b) provide that service of a complaint in intervention is proper by mailing the pleading to the party's last known address. Cycle Sport has attached an affidavit by James T. Phillips attesting that the motion to intervene, complaint in intervention, and the Court's order granting intervention were served upon Dinli Metal by mailing copies of the documents to its last known address. (Mot. at Ex. 1). Further, in its order granting the motion to intervene the Court expressly found that the complaint in intervention had been served in accordance with Rules 5, and 24 as of the date of the order. Doc. No. 75 (3:06-CV-0787-R) (N.D. Tex. Feb. 6, 2007). Accordingly, the Court finds that Dinli Metal was properly served with Cycle Sport's complaint in intervention.

Further, the Court ordered that the parties should file responsive pleadings within 20 days from the date of the order granting intervention. Doc. No. 75 (3:06-CV-0787-R) (N.D. Tex. Feb. 6, 2007). Based on the Court's order, Dinli Metal's deadline to file an answer or otherwise respond

to the complaint in intervention expired on February 26, 2007. Dinli Metal did not file an answer nor any other responsive pleading. On January 24, 2008, the Clerk of the Court entered its default. Doc. No. 17 (3:07-CV-00253-O) (N.D. Tex. Jan. 24, 2008). Having found that service of process was proper, this Court finds that entry of default was proper. The Court will now consider whether default judgment should be granted.

### C. Default Judgment

The Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default" *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

As of the date of this Order, Dinli Metal has provided no explanations for its default nor shown that its failure to appear is the product of "a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. In fact, it appears Dinli Metal has ignored the complaint. Dinli Metal's failure to respond to this complaint does not place any material issues of fact into dispute. *See*

7

*Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Therefore, the Court may enter a default judgment against Dinli Metal if the factual allegations in Cycle Sport's complaint establish a valid cause of action. *Id.*

Cycle Sport pleaded a claim under the Uniform Fraudulent Transfer Act, Ch. 24 of the Texas Business and Commerce Code, a claim of civil conspiracy, and a claim of unjust enrichment against Dinli Metal.[2] (Compl. at ¶¶ 20-34). Regarding its fraudulent transfer claim, Cycle Sport alleges that Dinli L.P. transferred property to Dinli Metal with the intent to delay, hinder, and defraud Cycle Sport from obtaining collection of the arbitration award and judgment awarded to them by the Eastern District of Louisiana court. (Compl. at ¶ 23). The Fraudulent Transfer Act provides a cause of action to creditors of debtors who fraudulently transfer assets under certain circumstances, as set out in the statute. *See* TEX. BUS. & COM. CODE §§ 24.005-.006, 24.008; *see also Goebel v. Brandley*, 174 S.W.3d 359, 362 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Under one of its provisions, a transfer made by a debtor is fraudulent as to a present or future creditor if the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor." TEX. BUS. & COM. CODE § 24.005(a)(1). Cycle Sport alleges that Dinli L.P. and Dinli Metal acted "with actual intent to hinder, delay, or defraud." (Compl. at ¶ 23). To prove actual intent, a plaintiff may show:

> (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation was incurred, the debtor

---

[2] Because the Court finds a default judgment is proper with regard to Cycle Sport's claim under the Uniform Fraudulent Transfer Act, it does not consider Cycle Sport's claims of conspiracy or unjust enrichment.

8

had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

TEX. BUS. & COM. CODE § 24.005(b)(1)-(11). A finding of a single factor is not conclusive of a fraudulent transfer, but the existence of several factors presents a strong case of fraud. *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 843 (Tex. App.—Dallas 2006, no pet.).

In this case, Dinli L.P. is the putative debtor. Cycle Sport alleges Dinli L.P. transferred its assets and cash to Dinli Metal who was an insider (Compl. at ¶¶ 21-22), the transfer was made after Dinli L.P. had been sued (Compl. at ¶24), the transfer was made at a time when Dinli L.P. was insolvent (Compl. at ¶¶ 25, 26), and the transfer included all of Dinli L.P.'s assets (Compl. at ¶12). By its default, Dinli Metal admitted all of the well-pleaded factual allegations in support of liability. *Houston Nat'l Bank*, 515 F.2d at 1206 (" The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Accordingly, the Court finds Cycle Sport's complaint establishes a valid cause of action for fraudulent transfer against Dinli Metal. *See Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992) (finding allegations in fraudulent conveyance complaint that alleged transfers were made with intent to hinder, delay and defraud creditors were sufficient to state cause of action).

D. **Actual Damages**

While a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir.

1987). Generally, in the context of a default judgment an evidentiary hearing is required to determine the amount of unliquidated damages. An evidentiary hearing is unnecessary when the damages are liquidated or capable of mathematical calculation based on reference to pleadings and evidence. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "[L]iquidated damages are those either agreed upon by the parties in a contract, or fixed by operation of law." *Beachhead, L.P. v. Solar Nigh Indus., Inc.*, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008) (citing *Super 8 Motels, Inc. v. Kumar*, 2008 WL 878426, at *4 (D. N.J. Apr.1, 2008)). Cycle Sport bears the burden to bring forth competent evidence in support of the damages it seeks. *Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.*, 2008 WL 3874673, at * 2 (N.D. Tex. Aug. 13, 2008).

  Here, Cycle Sport asks the Court to award actual damages in the amount of the arbitration award confirmed by the district court in Louisiana plus post-judgment interest, and attorney's fees incurred in this proceeding. (Mot. at 1). The Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). In other words, the relief prayed for in a complaint cabins the relief available on default judgment. Cycle Sport generally pleaded that it was entitled to money damages in the amount of the value of assets transferred from Dinli L.P. to Dinli Metal. (Compl. at ¶¶ 29). Under § 24.008, a creditor who prevails on a fraudulent transfer claim is entitled to "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." TEX. BUS. & COM. CODE § 24.008(a)(1). Thus, as a creditor, Cycle Sport may recover money damages in the amount of the value of assets transferred to Dinli Metal to the extent necessary to satisfy its claim. Cycle Sport must provide reliable evidence from which the Court can compute the amount of such damages with certainty. *James*, 6 F.3d at 310.

The only evidence Cycle Sport offers in support of damages is the affidavit of its counsel, J. Albert Kroemer, who simply avers Cycle Sport filed this action to collect the amount of the arbitration award. (Mot. at Ex. 2). This evidence is insufficient to establish Cycle Sport's actual damages. Further, while Cycle Sport attached the order of the Louisiana district court to its complaint, this Court cannot enforce the judgment[3] of another district court unless the judgment has been properly registered. 28 U.S.C. § 1963. The Court therefore cannot determine the amount of damages until Cycle Sport files a supplemental motion with competent evidence that conclusively establishes the amount of actual damages.

Because Dinli Metal's default concedes liability for the fraudulent transfer claim, Cycle Sport is entitled to recover its reasonable attorney's fees. TEX. BUS. & COM. CODE § 24.013. In support of its request, Cycle Sport submits the affidavit of one of its attorneys, J. Albert Kroemer, detailing the number of hours expended, the hourly billing rate of each attorney for whom fees are sought, and attached redacted billing records that reflect the legal work performed. The Court finds this evidence is sufficient to support an award of attorney's fees and costs. *James*, 6 F.3d at 311 (affirming award of attorney's fees where "detailed billing records" substantiated the award). The Court hereby GRANTS Cycle Sport's request for attorney's fees in the amount of $24,435.90.

Cycle Sport also requests an award of post-judgment interest. (Mot. at 1). The issue of post-judgment interest on a judgment entered in federal court is governed by federal law. *Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 594-95 (5th Cir. 2006). The post-judgment interest rates for judgments rendered by a federal court is governed by 28 U.S.C. §1961. Section 1961

---

[3] "The confirmation of an arbitration award converts the final arbitration award into the judgment of the court." *Irving R. Boody & Co. v. Win Holdings Int'l, Inc.*, 213 F. Supp. 2d 378, 380 (S.D.N.Y. 2002); *see also* 9 U.S.C. § 9.

provides, in pertinent part, "interest shall be allowed on any money judgment in a civil case recovered in a district court" and such "interest shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Cycle Sport is entitled to an award of post-judgment interest at the rate published for the week ending prior to the date of judgment until the date paid. 28 U.S.C. § 1961(b). The Court will award post-judgment interest calculated on the date it enters judgment.[4]

### III. CONCLUSION

The Court hereby conditionally GRANTS Cycle Sport's motion for default judgment (Doc. #11), but will DEFER entry of a judgment until Cycle Sport files a supplemental motion supported by sufficient evidence and authority to conclusively prove its actual damages.

**SO ORDERED** on this 30th day of October, 2008.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[4] Post-judgment interest shall be compounded annually. 28 U.S.C. §1961(b).